# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**SIGIFREDO OLIVEROS-ESTUPINAN,**

    Petitioner,

v.                                                              Case No.  8:05-cv-1101-T-30EAJ
                                                                             Crim. No. 8:02-cr-228-T-30EAJ

**UNITED STATES OF AMERICA,**

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #1), the Government's Motion to Dismiss (Dkt. #9), and Petitioner's Reply (Dkt. #11). After a review of the pleadings and the underlying criminal proceedings, the Court concludes that Petitioner's Motion should be dismissed because it is time-barred and is otherwise insufficient to merit relief under §2255.

## BACKGROUND

Petitioner and eight other defendants were convicted in a jury trial of the following charges: (1) possessing five kilograms or more of a mixture or substance containing a detectable amount of cocaine while aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. Appx. §1903(a) and 1903(g), 18 U.S.C. §2, and 21 U.S.C. §841(b)(1)(A)(ii), and (2) conspiracy to possess cocaine with intent to distribute it while

aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. Appx. §1903(a), 1903(g) and (j), and 21 U.S.C. §841(b)(1)(A)(ii).

Petitioner and his co-defendants were members of a crew aboard a fishing vessel known as the Punta del Este that was interdicted in the Pacific Ocean. At trial, the government put on evidence that 4,665 kilograms of cocaine, valued at $100,000,000, were found aboard the vessel while the fishing equipment -- rusted hooks, unused fishing line, tangled fishing net, cluttered deck, ice in blocks in the fish hold – indicated that the defendants were not engaged in fishing activity.

Four of Petitioner's fellow crew members and the captain were sentenced on January 17, 2003, and Petitioner and the other three co-defendants were sentenced on subsequent dates. In the sentencings held on January 17, 2003, this Court granted a minor role reduction to the four crew members which resulted in sentences of 121 months for each. The captain was sentenced to 360 months. At the sentencings of the remaining defendants on the later dates, the Government made additional arguments that caused the Court to determine that it was inappropriate to give a minor role reduction. As a result, Petitioner and the remaining three crew members each received sentences of 292 months imprisonment. This Court then amended its sentencing judgment as to the first four crew members sentenced on January 17, 2003, to give them the same sentence as Petitioner, to wit: 292 months imprisonment.

Petitioner and the other defendants appealed their convictions and sentences to the United States Court of Appeals for the Eleventh Circuit. On March 4, 2004, the Eleventh Circuit affirmed the defendants' convictions but remanded the case as to the four crew

members who had originally been sentenced to 121 months with instructions to this Court to reinstate that original sentence. Petitioner's sentence was affirmed in all respects. Thereafter, on June 4, 2005, Petitioner filed this Motion to Vacate under §2255 raising the following issues:

> **Ground One:** Counsel was ineffective for failing to present expert testimony about fishing practices and equipment accepted in Colombia.
>
> **Ground Two:** Counsel was ineffective for failing to adequately present an actual innocence defense.
>
> **Ground Three:** The mandatory guidelines under which the movant was sentenced are unconstitutional.
>
> **Ground Four:** The sentence imposed is disparate from other identically situated co-defendants.

## STANDARD OF REVIEW

Title 28 U.S.C. § 2255 provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter the "AEDPA"). This law amended 28 U.S.C. §2255 by adding the following provisions:

>A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
>(1)	the date on which the judgment of conviction becomes final;
>
>(2)	the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3)	the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review; or
>
>(4)	the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §2255 ¶ 6.

In analyzing ineffective assistance of counsel claims, this Court must apply Strickland v. Washington, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, one must show that counsel's performance was (1) deficient and (2) that the deficient performance prejudiced the defense. Strickland at 687. Deficient performance is performance which is objectively unreasonable under the prevailing professional norms. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland at 694. "The issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (*en banc*) (quoting Berger v. Kemp, 483 U.S. 776 (1987)). Further, vague,

conclusory, speculative, or unsupported claims are insufficient to support claims of ineffective assistance of counsel. Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991), *cert. denied*, 502 U.S. 1105 (1992).

## DISCUSSION

The Eleventh Circuit entered its opinion in Petitioner's case on March 4, 2005. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court. Therefore, his conviction became "final" for §2255 purposes upon the expiration of the 90-day period for seeking certiorari. Kaufmann v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). That 90-day period expired on June 2, 2004. Therefore, Petitioner had until June 2, 2005, to file a §2255 motion to challenge his sentence. Since the motion was not filed until June 4, 2005, it is time-barred unless Petitioner successfully shows that he is entitled to equitable tolling.

Equitable tolling is appropriate only if a prisoner's §2255 petition is untimely because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence. Drew v. Dep't of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002), *cert. denied*, 537 U.S. 1237 (2003). Here, Petitioner has shown no circumstances that were beyond his control or unavoidable with the application of due diligence.

Even had the motion been filed timely, it would still fail for other reasons. Those reasons will be explained as to each ground raised in the motion.

**Ground One:**   Counsel was ineffective for failing to present expert testimony about fishing practices and equipment accepted in Colombia.

In support of ground one, Petitioner argues that his attorney was ineffective for failing to present an expert witness on the fishing standards used in Colombia. This is a conclusory statement that is insufficient to support a claim of ineffective assistance of counsel. Petitioner fails to identify such an expert, establish the testimony the expert would have given had he testified, and how testimony would have altered the outcome of the case.

As the Eleventh Circuit pointed out in its opinion in the direct appeal, the Government's evidence at trial was sufficient to establish that it was not a legitimate fishing trip, particularly given the tremendous amount of cocaine on board. A defendant's presence becomes more significant when the value of the contraband is high because "it is highly improbable that drug smugglers would allow an outsider on board a vessel filled with millions of dollars worth of contraband." United States v. Cruz-Valdez, 773 F.2d 1541, 1546 (11th Cir. 1985). For these reasons, ground one will be denied.

**Ground Two:**   Counsel was ineffective for failing to adequately present an actual innocence defense.

In support of ground two, Petitioner argues:

The equipment was clearly accepted in Colombia. It is also clear that the government relied on the condition of the equipment to obtain the conviction. Moreover, counsel failed to adequately present the fact that the Coast Guard took three (3) days to discover the drugs. However, counsel failed to adequately question how the defendant could know the drugs were there.

Once again, Petitioner merely makes conclusory statements in support of his claim. It is insufficient for him to merely make the bald statement that the equipment, presumably including the rusted hooks and unused fishing line, was acceptable fishing equipment in Colombia. He points to no evidence to support that statement, identifies no witness who had seen the equipment and would testify to such, or explain how such evidence would have changed the jury's finding.

Further, Petitioner is factually incorrect in his argument. In closing arguments, defense counsel for the eight defendants did argue that the crew could not be expected to know about the hidden drugs if it took the Coast Guard three days to find the hidden compartment. It is not ineffective assistance of counsel just because the argument was not persuasive to the jury. For these reasons, ground two will be denied.

**Ground Three:** The mandatory guidelines under which the movant was sentenced are unconstitutional.

In support of ground three, Petitioner makes a Booker argument that the guidelines were unconstitutional. In United States v. Booker, 543 U.S. 220 (2005), the United States Supreme Court held that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. But Booker is not retroactive to cases (like Petitioner's) that were final prior to the Booker decision. See Varella v. United States, 400 F.3d 864 (11th Cir. 2005). Petitioner's case was final in 2004 and Booker was decided in 2005. Therefore, ground three will be denied.

**Ground Four:** The sentence imposed is disparate from other identically situated co-defendants.

Petitioner is correct that four of his co-defendants received sentences of 121 months whereas he received a sentence of 292 months. This Court determined that 292 months was the correct sentence and that all of the defendants should have received at least 292 months. This Court amended the sentences of the four defendants who received the lesser sentences, but that amendment was reversed by the Eleventh Circuit, not because 292 months was not an appropriate sentence, but because it held that this Court could not "change its mind" after announcing on the record a sentence of 121 months. That four co-defendants ultimately received sentences this Court deemed too low is not a sufficient reason to vacate the sentence for the remaining co-defendants who received sentences this Court deemed appropriate. For this reason, ground four will also be denied.

## **CONCLUSION**

Because Petitioner's Motion is both time-barred and otherwise without merit, it will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #1) is DISMISSED.

2. The Clerk is directed to dismiss this case with prejudice, terminate all pending motions as moot, and close this file.

**DONE** and **ORDERED** in Tampa, Florida on July 27, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**

Counsel/Parties of Record

F:\Docs\2005\05-cv-1101.2255 motion.frm